```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MARK A. PARISI,                         :
                                        :
        Plaintiff,                      :
                                        :
v.                                      :     No. 3:03CV1425 (DJS)
                                        :
UNUMPROVIDENT CORPORATION,              :
UNUM LIFE INSURANCE COMPANY OF          :
AMERICA, and THE YALE                   :
UNIVERSITY GROUP LONG TERM              :
DISABILITY INSURANCE PLAN,              :
                                        :
        Defendants.                     :
```

## MEMORANDUM OF DECISION

Plaintiff Mark Parisi seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), from defendants UnumProvident Corporation ("UnumProvident"), Unum Life Insurance Company of America ("UNUM"), and the Yale University Group Long Term Disability Insurance Plan (the "Plan"). Parisi alleges that UNUM's decision to deny him long-term disability benefits pursuant to the Plan was in error, and he seeks an order from this court directing UNUM to provide the benefits he seeks.

As a threshold matter, in an action to recover benefits under 29 U.S.C. § 1132(a)(1)(B), the court must determine the appropriate standard of review to apply to the plan administrator's decision. Claims for benefits under ERISA are "to be reviewed under a de novo standard unless the benefit plan gives the administrator discretionary authority to determine

eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The court has received the parties submissions relative to this threshold determination and now sets forth the following partial findings of fact and conclusions of law.

## I. FINDINGS OF FACT

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, the court has considered the admissible evidence offered by the parties and finds the following facts.

1.  Parisi was an employee of Yale University for approximately nineteen years beginning in 1981 and ending in October of 2000.

2.  At all times relevant hereto, UNUM provided Yale's employees, including Parisi, with long-term disability coverage under Policy Number 5491173-001 ("the Policy"), which became effective on February 1, 2000. Coverage pursuant to the Policy is provided under the terms of an employee welfare benefit plan and is therefore governed by the provisions of ERISA.

3.  The Policy is a thirty-five page document comprised of thirteen sections. The first page of the Policy states the following: "[t]his policy consists of: all policy provisions and any amendments and/or attachments issued; employees' signed applications; and the certificate of coverage." (Dkt. # 35, Ex. B at C.FP-1).

4. The "Certificate Section" of the Policy provides that, "[w]hen making a benefit determination under the policy, UNUM has discretionary authority to determine your eligibility for benefits and to interpret the terms and provisions of the policy."  (Dkt. # 35, Ex. B at CC.FP-1).

5. The "Certificate Section" of the Policy provides that, "[i]f the terms and provisions of the certificate of coverage (issued to you) are different from the policy (issued to the policyholder), the policy will govern.  Your coverage may be cancelled or changed in whole or in part under the terms and provisions of the policy."  (Dkt. # 35, Ex. B at CC.FP-1).

6. The "General Provisions" section of the Policy provides that "[t]his certificate of coverage is a written statement prepared by UNUM and may include attachments.  It tells you: the coverage for which you may be entitled; to whom UNUM will make a payment; and the limitations, exclusions and requirements that apply within a plan."  (Dkt. # 35, Ex. B at EMPLOYEE-1).

## II. CONCLUSION OF LAW

1. The arbitrary and capricious standard of review applies to Parisi's claims.

Within the document providing long-term disability coverage to plaintiff the following language is set forth: "[w]hen making a benefit determination under the policy, UNUM has discretionary authority to determine your eligibility for benefits and to

interpret the terms and provisions of the policy." (Dkt. # 35, Ex. B at CC.FP-1). There is no dispute that this language is sufficient to reserve discretion to UNUM to interpret the terms of the Policy under which plaintiff alleges he is entitled to receive benefits; the parties do, however, dispute whether the location of this language with in the Policy effectively conveys UNUM's reservation of discretion to the insured. For the following reasons, the court finds that UNUM has properly reserved discretion, and the court will apply the arbitrary and capricious standard of review to plaintiff's claim.

First, plaintiff argues that UNUM has not effectively reserved discretion to interpret the terms of the Policy because the language manifesting this intention is located in the "Certificate Section" of the Policy. Plaintiff relies upon Mullally v. Boise Cascade Corp. Long Term Disability Plan, No. 04 C 412, 2005 WL 66070 (N.D. Ill. Jan. 11, 2005), where the "Certificate" stated that it "is merely evidence of insurance provided under the policy" and "is not the policy," id. at *2, and the policy stated that the Certificate "will describe policy limitations," id. at *5. The court held that the de novo standard of review applied because, "based upon the inconsistency between the clear and specific limiting language in the Certificate and the language in the Policy regarding the Certificate, it cannot be said that the insured has been advised

with the requisite clarity that the employer and insurer have discretion to deny claims." Id. at *5.

Plaintiff contends that the same result should be reached here because the "Certificate Section" of the Policy states that "[i]f the terms and provisions of the certificate of coverage (issued to you) are different from the policy (issued to the policyholder), the policy will govern.  Your coverage may be cancelled or changed in whole or in part under the terms and provisions of the policy." (Dkt. # 35, Ex. B at CC.FP-1).  He contends that the presence of the language reserving discretion to UNUM in the certificate of coverage creates a conflict between the certificate of coverage and the Policy, which, according to the clause resolving such a conflict in favor of the Policy, compels the conclusion that UNUM's reservation of discretion is not a term of the Policy.

UNUM argues that a different result than that reached by the court in Mullally is required because the Policy at issue here contains different provisions than the policy discussed in Mullally.  UNUM argues that the certificate of coverage is actually part of the Policy; it therefore functions both as evidence of coverage provided to the insured and as part of the Policy itself.  UNUM points out that, in contrast to the Certificate in Mullally, there is no language in any part of the Policy disclaiming the certificate of coverage's dual role as

evidence of coverage under the Policy and an actual expression of the Policy terms.  UNUM contends that there is therefore no dispute that the insured was informed of the fact that UNUM reserved discretion to interpret the terms of the Policy, and that this notice was found within the four corners of the Policy itself.

The plain language of the policy as a whole supports UNUM's position.  The clause within the "Certificate Section" that differentiates between the Policy and the certificate of coverage and resolves of any conflict in favor of the former does not mean that the discretionary language found within the "Certificate Section" is not a term of the Policy.  This is so because there are certain instances when the Policy and the certificate of coverage could conflict despite the certificate of coverage's role as part of the Policy.  For example, an insured's certificate of coverage may not reflect an amendment, endorsement, or rider to the Policy, which would be attached to the Policy itself maintained by Yale and UNUM but not reflected in the certificate of coverage section distributed to the insured. (See Dkt. # 35 Ex. B at ERISA-2 ("The Policy may be changed in whole or in part.  The Employer can request a policy change.  Only an officer or registrar of UNUM can approve a change.  The change must be in writing and endorsed on or attached to the Policy.")).  In such an instance, the change to

the Policy, implemented without the participation of the insured, would accurately reflect the intentions of the parties thereto and be effective as a term of the Policy, but, because of the change, the Policy may conflict with the certificate of coverage previously distributed to the insured.  Even though, by the Policy's own terms, the certificate of coverage is part of the Policy, the language resolving any conflict between the certificate of coverage and the Policy in favor of the Policy is not contradictory because, as a result of the dual function it performs, the certificate of coverage could possibly conflict with the terms of the actual Policy.

Here the dual role of the certificate of coverage has not created a conflict.  The clause reserving discretion to UNUM is located within the certificate of coverage, which is part of the Policy, and has been provided to the insured.  There is no indication that any other part of the Policy contains a provision that contradicts the clause reserving discretion to UNUM.  Therefore, there is no conflict between the information provided to the insured and the terms of the Policy, and UNUM has effectively reserved discretion to interpret the terms of the Policy.

Second, plaintiff argues that the discretionary language is not effective because it is not set forth in the Summary Plan Description ("SPD").  Plaintiff relies upon the proposition that

"[w]here the terms of a plan and the SPD conflict, the SPD controls," Burke v. Kodak Retirement Income Plan, 336 F.3d 103, 110 (2d Cir. 2003), and argues that the absence of a reservation of discretion in the Policy gives rise to a conflict between the SPD and the Policy.  Even if the court were to agree with plaintiff's argument, however, his claim must still fail because he has not shown that he was "*likely* to have been harmed as a result of a deficient SPD."  Burke, 336 F.3d at 113 (emphasis in original).  Because he has not made this showing, any conflict between the SPD and the Policy is harmless.

### III. CONCLUSION

For the reasons set forth herein, the arbitrary and capricious standard of review applies to plaintiff's claims.  The parties shall contact the undersigned's chambers during the week of November 14, 2005 to schedule a telephone conference to discuss further proceedings in this case.

So ordered this 7th day of November, 2005.

**/s/DJS**
_____
**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**